**In the Matter of The DALLAS MORNING NEWS COMPANY, Petitioner.**

**No. 90–1868.**

United States Court of Appeals, Fifth Circuit.

Oct. 18, 1990.

Paul C. Watler and Steven T. Baron, Jenkins & Gilchrist, Dallas, Tex., for petitioner.

David Jarvis, Robert Hauberg, Robert Adams and William Ravkind, Dallas, Tex., for respondent.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

We consider today a petition for writ of mandamus filed by a newspaper, requesting that we direct the district court to conduct voir dire proceedings in public, attended by members of the press. Voir dire proceedings have begun in the matter of *United States v. Dixon*, a criminal matter involving the collapse of Vernon Savings & Loan, one of the largest savings and loan failures in the United States.

The district court has ruled that while the general questioning of the venire panel is to be conducted in public, the individual questioning of the venire members is to be closed to the public and the press. The reason given orally by the court is that the individual questioning of potential jurors predictably will raise questions that may infringe upon the venire members' privacy and that their responses may be more candid if provided in private. The court has stated that it will make a transcript of the private voir dire proceedings available after the jury is empaneled, but has left open the possibility that certain portions of that transcript may be redacted, depending upon whether certain private matters may be disclosed therein.

The Supreme Court spoke specifically to this issue in a case closely on point, *Press–Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). There, the Court reasoned that "[c]losed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Id.* at 509, 104 S.Ct. at 823 (footnote omitted). The Court noted that "[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 510, 104 S.Ct. at 824. The Court held that the trial court could not constitutionally close the voir dire without consideration of alternatives to closure. *Id.* at 511, 104 S.Ct. at 824. We note that in the instant case, the district court has not expressly given attention to proposed alternatives.

We read *Press–Enterprise* as requiring that at the very least, the trial court, rather than closing the voir dire proceedings on the basis only of an expectation that prospective jurors may be less than candid in their responses because of infringements on their privacy, must "require the prospective juror to make an affirmative request" that the juror be questioned in private. *Id.* at 512, 104 S.Ct. at 825. By so doing, "the trial judge can ensure that there is in fact a valid basis for a belief that disclosure infringes a significant interest in privacy. This process will minimize the risk of unnecessary closure." *Id.* The Court also directed that when limited closure is ordered, "the Constitutional values sought to be protected by holding open proceedings may be satisfied later by making a transcript of the closed proceedings available," *id.*, and that in such event, certain portions of the transcript may still be sealed. *Id.*

■ We are constrained by our reading of *Press–Enterprise* to conclude that the better practice is for the district court, rather than closing a portion of the voir dire proceeding in anticipation of privacy concerns, to inform the prospective jurors carefully, in advance, that any of them may request to be questioned privately, in the presence only of court personnel, the parties, and the attorneys. A transcript should be made of such closed proceedings, with a determination later to be made by the district court as to whether certain portions of the transcript should be released or redacted for public dissemination.

■ We note that nothing in *Press–Enterprise* requires that the affirmative request by the venire member be made in an open proceeding. We recognize that the very act of requesting in camera questioning could compromise the candor of a venire member's response to sensitive questions. Hence, the district court may close the proceeding for the limited purpose of explaining to the venire members, together or individually, the general nature of the questions to be asked and giving each the opportunity, during the closed proceedings, to request to be questioned in camera, but

only as to those matters that are sufficiently sensitive to justify the extraordinary measure of a closed proceeding.

Again, we emphasize that we are compelled by our reading of *Press–Enterprise* so to conclude. However, we deny the petition for writ of mandamus, without prejudice. We are confident that the able district judge in this matter will consider our comments carefully. We commend his careful and dedicated efforts to ensure a fair trial in this matter and to balance the interests of a fair trial and a free press.

We also note that no retroactive corrective measures are required, as neither the government nor the defendant has objected to the closed procedures, and in fact the defendant requested them. Hence, any change in procedures should affect only the prospective questioning of venire members.

The petition for writ of mandamus is DENIED without prejudice.